022414Lf

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

JACK EDWARDS, )
)
         Plaintiff, )   No. 13 cv 2035 EJM
vs. )
)   ORDER
CAROLYN W. COLVIN, )
ACTING COMMISSIONER OF )
SOCIAL SECURITY, )
)
         Defendant. )

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for supplemental security income benefits based on disability under the Social Security Act. Briefing concluded January 17, 2014. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision...Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992).

Plaintiff claims disability due to Meniere's disease (a disorder of the inner ear which causes dizziness and vertigo), degenerative joint disease of the thoracic spine, degenerative disc disease of the lumbar spine, mood disorder, and a history of drug and alcohol abuse and dependence. He claims the ALJ failed to give

sufficient, controlling weight to the testimony of the three treating physicians, Dr. Hemman, Mr. Larson and Dr. Targoff.

Regarding plaintiff's physical limitations, Dr. Lynda Hemman treated and examined plaintiff in September, 2011, after which she prepared a letter indicating that Mr. Edwards was restricted in his ability to do any physical or manual labor. (Tr. 610). In a later letter, dated November 16, 2011, Dr. Hemman reiterated this opinion, (Tr. 844-45), and then again reiterated her opinion in her letter dated December 16, 2011. (Tr. 611). These opinions from Dr. Hemman are consistent with the record and with the opinions of other treating physicians Dr. Deborah Alt and Dr. Leasha Schemmel.

Regarding plaintiff's mental limitations, Mr. Larson from the Veterans Administration wrote a letter dated August 30, 2012, opining that Mr. Edward's mental impairment is stable to declining, and that "I have the opinion he is poorly adjusted to society and the normal work environment...He is simply not suited to the work environment." (Tr. 980). Dr. Targoff and Mr. Larson responded to a questionnaire on January 24, 2012, finding that Mr. Edwards could not perform work on a reliable basis in a number of areas. (Tr. 898).

In contrast, the ALJ found Mr. Edwards able to lift up to 50 pounds and frequently balance, stoop, crouch, and kneel, and not disabled mentally. (Tr. 13-14). These findings are inconsistent with the opinions of the treating physician's opinions, especially those of Dr. Hemman.

A treating physician's opinion is entitled to great weight, and even controlling weight, unless the weight of the record is inconsistent with it. Strongson v. Barnhart, 361 F.3d 1066 (8th Cir. 2004). See also 20 C.F.R. 404. Defendant defends the ALJ's weightings because she claims that the rest of the record supports the ALJ's decision. While there are ambiguities in the record, the great weight of the treating and examining physicians' opinions and records support the opinions of Dr. Hemman and the other physicians that Mr. Edwards is disabled, and are inconsistent with the ALJ's ruling.

It is therefore

ORDERED

Reversed and remanded for further consideration in accordance with this opinion.

February 24, 2014.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT